**United States District Court**

**Southern District of Ohio**
200 West Second Street
Room 910
Dayton, Ohio 45402

Chambers of
**Thomas M. Rose**
District Judge

(937) 512-1600
(Fax) (937) 512-1610

July 21, 2005

Judge Mary M. Lisi, Chair
Judicial Committee of the United States
Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington D.C. 20544

Dear Judge Lisi:

Thank you for your letter of June 27, 2005 requesting additional information that is required for my 2004 Annual Financial Disclosure Report by Section 102 of the Ethics in Government Act of 1978. I apologize for the length of time it has taken to reply.

I will attempt to respond first to the issues raised concerning the mutual fund accounts in paragraphs 2 and 4 of your letter and then to the "rental property #1, Xenia, Ohio" issue raised in paragraph 3 of your letter.

As to the references to my mutual funds, "Fidelity Magellan" and "Fidelity Growth" which <u>were not</u> listed in my previous 2003 report but <u>were</u> listed in Part VII, page 2, lines 10 and 11 of my 2004 report, these funds were designated by the Ohio Public Employees Deferred Compensation Program to replace my mutual funds, "Putnam Investor" and "Janus Fund" which <u>were</u> listed in Part VII, page 1, line 18 and page 2, line 19 of my previous 2003 report but <u>were not</u> listed in my most recent 2004 report.

As you can see from the attachments to this letter (Attachments #1 and #2) the Ohio Public Employees Deferred Compensation Program required that my investments in "Putnam Investors" and "Janus Fund" be transferred to other funds "Fidelity Magellan" and "Fidelity Growth Company" for reasons contained in their communication of December 1, 2003 (Attachment #1). Pursuant to that communication requiring this transfer and/or exchange, I exchanged my funds in "Putnam Investors" and "Janus Fund" to "Fidelity Magellan" and "Fidelity Growth Company" as follows:

|  <u>Janus Fund</u> |  |  <u>Fidelity Growth Company</u> |
|---|---|---|
| ▆▆▆▆▆ shares @$24.26 | to | ▆▆▆▆▆ @ $51.87 |
| = $25,226.81 |  | = $25,226.81 |

| Putnam Investors | | Fidelity Magellan |
|---|---|---|
| ▓▓▓▓▓▓▓ @ $11.40 | to | ▓▓▓▓▓▓ @ $98.99 |
| = $20,121.19 | | = $20,121.19 |

As confirmed in Attachment #2, this transfer was made on January 12, 2004 and resulted in funds with the exact monetary value as the previously held funds. These funds ("Janus" and "Putnam Investors" as reported in 2003 as well as "Fidelity Growth Company" and "Fidelity Mangellan" as reported in 2004) were within the gross value K code at the end of the respective reporting periods.

Except for the few days prior to the transfer of funds on January 12, 2004, my funds previously held in Janus and Putnam Investors were held throughout 2004 in "Fidelity Growth Company" and "Fidelity Magellan".

As to the "rental property #1, Xenia, Ohio" that I have listed in Part VII of my 2004 report and all my previous reports since taking the bench in 2002, I have realized to be an error on my part. The rental property is not and never has been in my name. This property is owned by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ acquired the property in 1972 (Attachment #3) and ▓▓ obtained full interest upon their ▓▓▓▓▓ in 1972 (Attachment #4). My name has never appeared on any document of title and I have no interest in this property other than my name appearing on a mortgage ▓▓▓▓▓▓▓▓▓▓▓▓▓ refinanced the property several years ago.

I have mistakenly included this property on my reports and only realized my error in preparation of this letter. Therefore, in response to your inquiry concerning this property included in Part VII of my report, this property should be deleted.

Hopefully, these responses will allow the closure of my 2004 report. If not, please don't hesitate to contact me and I will make very attempt to assist.

▓▓▓▓▓▓▓ yours ▓▓▓▓▓

THOMAS M. ROSE



December 1, 2003

RECEIVED
2005 AUG -1 A 11: 16
FINANCIAL
DISCLOSURE OFFICE



*********AUTO**5-DIGIT 45385    T104  P1
THOMAS M ROSE

Dear Participant:

As we reported in our last newsletter, accusations of market timing and late trading abuses have been made against many mutual fund management firms. To date, several mutual fund management firms used by the Program are being investigated including Banc One, Janus, Putnam and PBHG. However, to the best of our knowledge, only one of the funds offered in the Program portfolio, PBHG Growth, has been named in the ongoing investigations.

The Ohio Public Employees Deferred Compensation Board understands that monitoring and offering sound investment options are important responsibilities. The Board has had written investment policies for years, which require the regular review of all investment options. While the Board seeks the expert advice of outside investment consultants to analyze the performance of mutual funds and to recommend keeping or replacing funds, the Board ultimately has the responsibility for making all decisions in the best interest of our participants.

Rather than take any impulsive actions regarding any mutual fund or the mutual fund management firms based upon accusations alone, our investment consultant, Ennis Knupp, was directed to update their research of each mutual fund management firm currently under investigation. The consultant's recommendations take into consideration short and long-term fund performance, changes in portfolio and organizational management, changes in investment strategy or portfolio characteristics, and an overall management research rating.

Based upon our consultant's analysis and recommendation, Banc One will continue to be one of the Guaranteed Return Option (GRO) managers. However, **the Board has voted to change the availability of the following funds offered through the Program: PBHG Growth, Putnam Investors, Janus Twenty, and the Janus Fund.** Our records indicate that you have an investment balance or may be deferring into one or more of these funds.

You will have until 4:00 p.m. on February 25, 2004 to move any existing balances out of the PBHG or Putnam Investors funds and to stop deferrals to the Putnam Investors, Janus Fund and Janus Twenty funds. If you do not take any action, your investment balance and/or deferral allocation will be automatically moved according to our consultant's recommendations. Our consultant has identified a replacement fund for each of the affected investments above. Each replacement fund represents a similar investment style and objective of the corresponding closed fund. The identified replacement funds are shown in the chart on the next page.

*(continued on back)*

| Closed Fund | Balance Exchange Required | Deferral Change Required | Replacement Fund |
|---|---|---|---|
| PBHG Growth | Yes | N/A | Vanguard Capital Opportunity |
| Putnam Investors | Yes | Yes | Fidelity Magellan |
| Janus Twenty | No | Yes | Fidelity Growth Company |
| Janus Fund | No | Yes | Fidelity Growth Company |

To obtain a current prospectus, contact the Service Center or log-on to the Program web site. The Program still offers an excellent variety of funds. You are encouraged to take this opportunity to re-evaluate your asset allocation and after researching the Program's investment options, create a diverse investment portfolio designed to match your time horizon and risk tolerance.

You can be assured that the Board will continue to monitor the status of the investigations, remain diligent in its review of the mutual fund management firms, and will act in the best interest of Program participants. Updates will be posted on the web site and in future newsletters in an effort to keep all participants informed. In addition to checking the Internet for updates, you may want to research this topic in financial newspapers and magazines.

You have several options available for making changes to your account.
- Log-on to ███████████
- Call our Service Center at ███████████
    ‣ Use our automated phone system or
    ‣ Press option 3 to speak with an Account Executive
- Visit our Service Center at ███████████████████

We look forward to assisting you.

Sincerely,



R. Keith Overly
Executive Director



OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM

January 12, 2004



RE: Investment Exchange

Reference Number: ████████

Dear Mr. Rose:

In accordance with your recent request, the following investment exchange of Deferred Compensation Plan funds was executed January 12, 2004    on your behalf:

| AMOUNT | EXCHANGE FROM | | AMOUNT | EXCHANGE TO | |
|--------|---------------|--|--------|-------------|--|
| $25,226.81 | JANUS FUND | | $25,226.81 | FID GROWTH COMPANY | |
| ████████ | | | ████████ | SHARES AT..... | $51.87000000 |
| $20,121.19 | | | $20,121.19 | FID MAGELLAN | |
| ████████ | SHARES AT... | $11.40000000 | ████████ | SHARES AT..... | $98.99000000 |

Thank you for your continued participation in the Ohio Deferred Compensation Program.
If you have any questions on the above transactions or the plan in general, please call one of our
Account Executives toll-free at ████████

Sincerely,

The Ohio Public Employees Deferred Compensation Program

RECEIVED 2005 AUG -1 A 11:15 FINANCIAL DISCLOSURE OFFICE

View your account information, make changes, or enter transactions at our website ████████

FORM 625   OHIO QUIT CLAIM DEED—Short Form.   VOL 939 PAGE 502

393

# Know all Men by these Presents

That ▬▬▬▬▬▬▬▬ single

in consideration of  One Dollar and other good and valuable considerations

to  him  *in hand paid by*  ▬▬▬▬▬▬▬▬  single

*to the said*  do^es  hereby **Remise, Release and Forever Quit Claim** ▬▬▬▬▬▬▬▬

her

*heirs and assigns forever, the following described* **Real Estate**, *situate in the*  City
*of*  Xenia  *in the County of*  Greene  *and State of*
Ohio:

Being ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬ as shown on the recorded plat thereof, and
subject to all easements and restrictions of record.

Prior Deed Reference:  Volume ▬▬  Page ▬▬

TRANSFERRED
This Conveyance has been examined and the Grantor
has complied with Section 319.202 of the Revised Code

JAN 10 1978

FEE_____  EXEMPT__✓__
DOROTHY L. SHAW, Greene County Auditor

1-39-71

76 JAN 10 P3:23 RECEIVED
GREENE CO. RECORDER
XENIA O.

hereby release xxxxxxxxxxxxx right and expectancy of dower in said premises, ha s
hereunto set his hand , this 20th day of December
in the year A. D. nineteen hundred and seventy-seven.
Signed and acknowledged in presence of us:

State of Ohio,          GREENE          County, ss.

On this 20th day of December A. D. 19 77, before me, a Notary Public
in and for said County, personally came _____

acknowledged the signing thereof to be his voluntary act and deed.,
the grantor in th foregoing deed, and
Witness my official signature and seal on the day last above mentioned.

Notary Public

This instrument prepared by Michael DeWine, DEWINE & SCHENCK

Recorded 1-11-78
Fee 5.00

GREENE COUNTY RECORDER

MICRO-FILMED

Transferred

RECORDED Date JAN 11 1978 19
DEED BOOK PAGE COUNTY AUDITOR

TO

STATE OF OHIO

COUNTY OF _____ ss

RECEIVED FOR RECORD ON THE

_____ day of _____ 19 ___
at _____ o'clock _____ M.
and RECORDED _____ 19 ____ in
Deed Book _____ Page _____

COUNTY RECORDER

RECORDERS FEE $

Quit Claim Deed

<u>GENERAL WA</u>

KNOW ALL MEN BY THESE PRESENTS: That ᴧd-Continent Properties, Inc., an Ohio corporation, of Piqua, Miami County, Ohio, for valuable con- sideration paid, grant, with general warranty covenants,

to

whose tax mailing address is

the following described real property

    Situate in the City of Xenia County of Greene and State of Ohio, and bounded and described as follows:

as shown on the recorded plat thereof, and subject to all ease ents and restrictions of record.

    A survey of this property was made by

    Subject to the installments of taxes and assessments due and pay- able in December, 1972, and thereafter, which taxes and assessments the grantees herein assume and agree to pay, and subject to all build- ing set back lines, easements and restrictions of record.

Prior instrument reference: Volume ████, Page ████

    WITNESS our hands, this _20th_ day of June 1972.

Signed and acknowledged in
the Presence of:

MID-CONTINENT PROPERTIES, INC.

By _____
Exec. Vice President

By _____
Asst. Secretary

STATE OF OHIO  : Before me, a Notary Public, in and for said County, per-
COUNTY OF MIAMI  : sonally appeared the above named
                    MID-CONTINENT PROPERTIES, INC.
                          Executive
By   Edwin W. Barnes    its / Vice President
and  Frederick D. Freed   its ~~Secretary~~ Assistant Secretary

who acknowledged that they did sign the foregoing instrument and that the same is the free act and deed of said corporation, and the free act and deed of each of them personally and as such officers.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Piqua, Ohio, this _____ day of June 1972.

This Instrument was prepared by:
    J. RICHARD GAIER
             L. FUNKE, Notary Public
            In and for Miami County, Ohio
            My Commission Expires Dec. 14, 1973

NOTARY PUBLIC



TRANSFERRED
This Conveyance has been examined and the Grantor has complied with Section 319.202 of the Revised Code.

JUN 27 1972

FEE $ _20.80_

EXEMPT _____

DOROTHY L. SHAW, Greene County Auditor

This instrument prepared by J. Richard Gaier (Gaier, Pratt & Freed).

Recorded _6-28-72_
Fee ___2.00___

GREENE COUNTY RECORDER  VOL ████ PAGE ████

MICRO-FILMED

6-20-72

JUN 30 1972

RECORDED-Date 6-23-72
DEED BOOK
VOL_____ PAGE_____

J. Richard Gaier, Esq.

AO-10
Rev. 1/2004

# FOR CALENDAR YEAR 2004

(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (Last name, First name, Middle initial)<br><br>Rose, Thomas M | 2. Court or Organization<br><br>U.S. District Ct., S.D. Ohio | 3. Date of Report<br><br>4/27/2005 |
|---|---|---|

| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. District Judge (active) | 5. ReportType (check appropriate type)<br><br>○ Nomination, Date<br><br>○ Initial    ◉ Annual    ○ FInal | 6. Reporting Period<br><br>1/1/2004<br><br>to<br><br>12/31/2004 |
|---|---|---|

| 7. Chambers or Office Address<br><br>200 West Second Street<br><br>9th Floor, Federal Building<br><br>Dayton, OH 45402 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ |
|---|---|

**IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## I. POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)

☐ NONE - (No reportable positions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| Partner | Wiggins & Rose Stables L.L.P. |
| 2. Partner | Rose Stables |

## II. AGREEMENTS. (Reporting individual only; see pp. 14-16 of filing instructions)

☐ NONE - (No reportable agreements.)

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 1976 | Public Employees Retirement System, no control, retirement |
| 2. 1982 | Ohio Deferred Compensation Fund, self-directed retirement fund |

RECEIVED
FINANCIAL DISCLOSURE OFFICE
M 9 10 51 AM '05

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Rose, Thomas M | 4/27/2005 |

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

### A. Filer's Non-Investment Income

☐ NONE  - (No reportable non-investment income.)

| | DATE | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | 2004 | Ohio Public Employee Retirement System | 65,307.60 |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - (If you were married during any portion of the reporting year, please complete this section. Dollar amount not required except for honoraria.)

☑ NONE  - (No reportable non-investment income.)

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |

## IV. REIMBURSEMENTS – transportation, lodging, food, entertainment.

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☑ NONE   - (No such reportable reimbursements.)

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | | |

## V. GIFTS. (Includes those to spouse and dependent children. See pp. 28-31 of instructions.)

☑ NONE - (No such reportable gifts.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |

## VI. LIABILITIES. (Includes those of spouse and dependent children. See pp. 32-34 of instructions.)

☐ NONE - (No reportable liabilities.)

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. Sky Bank | Mortgage on rental property #1 - Xenia, Ohio | K |

# FINANCIAL DISCLOSURE REPORT
## Page 1 of 1

| Name of Person Reporting | Date of Report |
|---|---|
| Rose, Thomas M | 4/27/2005 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure | | | |
| | | | | | | (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. Huntington Bankshares Common Stock | A | Dividend | J | T | | | | | |
| 2. Saltcreek Valley Bank Common Stock | A | Dividend-int | J | T | | | | | |
| 3. Putnam Investments IRA | | | | | | | | | |
| 4. -Putnam Global Growth Fund | A | Dividend | J | T | | | | | |
| 5. -Putnam Health Science Test | A | Dividend | J | T | | | | | |
| 6. - Putnam Vista Fund CLA | A | Dividend | J | T | | | | | |
| 7. Self-Directed Ohio Public Employees Deferred Comp. Plan | | | | | | | | | |
| 8. - OPDEC Guarantee Return Option | A | Dividend | K | T | | | | | |
| 9. - Fidelity Equity Income | B | Dividend | K | T | | | | | |
| 10. - Fidelity Magellan | B | Dividend | K | T | | | | | |
| 11. - Fidelity Growth | C | Dividend | K | T | | | | | |
| 12. - AIM Constellation | B | Dividend | K | T | | | | | |
| 13. - Vanguard International Growth | B | Dividend | K | T | | | | | |
| 14. Wiggins & Rose Stables L.L.P. | | None | J | W | | | | | |
| 15. Rose Stables, Partnership | | None | J | W | | | | | |
| 16. Rental Property #1, Xenia, OH | | None | L | Q | | | | | |

| 1. Income/Gain Codes: | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| (See Columns C1 and D3) | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = $More than $50,000,000 | | |
| 3. Value Method Codes | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |
| (See Column C2) | U = Book Value | V = Other | W = Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Rose, Thomas M | 4/27/2005 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

Date **4-29-05**

NOTE: ........D WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUB........ ....... ........ CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544